UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAAN WEBB,

    Plaintiff,

v.                      Case No. 8:17-cv-2228-T-33AEP

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court pursuant to Plaintiff Christiaan Webb's Motion to Remand (Doc. # 5), which was filed on September 26, 2017. Defendant Government Employees Insurance Company (GEICO) filed a Response in Opposition to the Motion (Doc. # 10) on October 3, 2017. For the reasons that follow, the Court grants the Motion and remands this action to state court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

## **Discussion**

On September 2, 2016, Christiaan Webb, a thirty-year-old man, was injured when an underinsured motorist, Michael Housefield, collided with his vehicle. The air bags in Christiaan's car deployed. David Webb is Christiaan's

father. GEICO issued policy number 4316-88-86-78 to David. GEICO provided uninsured/underinsured motorist coverage to Christiaan under the resident relative provision of the insurance policy.

After the accident, Christiaan retained counsel and on May 16, 2017, furnished a demand letter to GEICO seeking the payment of $305,000.00. (Doc. # 9). The letter explained that, as a result of the crash, Christiaan sustained permanent hearing loss, a feeling of fullness in his left ear, and Temporomandibular Joint Dysfunction "TMJ." (Id.). GEICO did not pay the amount demanded and, on August 25, 2017, Christiaan filed a two-count state court complaint against GEICO. (Doc. # 2).

In count one, Christiaan seeks Uninsured Motorist Benefits and, in count two, Christiaan seeks relief for "violations of Section 624.155, Florida Statutes," which covers bad faith claims. (Doc. # 2). In the Complaint, Christiaan remarks with respect to his bad faith claim: "This claim will ripen upon the resolution of the uninsured motorist claim that Plaintiff is entitled uninsured motorist benefits under the GEICO Policy and this claim will be voluntarily abated until such determination is

made." (Doc. # 2 at ¶ 19).

On September 25, 2017, GEICO removed the case to this Court on the basis of complete diversity of citizenship. (Doc. # 1). GEICO is a Maryland Corporation with its principal place of business in the District of Columbia and Christiaan is a resident of Hillsborough County, Florida. As to the amount in controversy, GEICO highlights that the relevant insurance policy's limits are $250,000, that Christiaan's May 16, 2017 demand sought $305,000, and that the Complaint contains a potential claim for bad faith claims handling. (Doc. # 9).

Christiaan filed a Motion to Remand arguing: "this Court should reject GEICO's assertion that the amount in controversy requirement is met and remand the case to state court due to lack of subject matter jurisdiction." (Doc. # 5 at 2).

**Analysis**

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the

complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Christiaan does not make a specified claim for damages. (Doc. # 2 at ¶ 1) (generally alleging damages exceeding $15,000). In the Motion to Remand, he indicates that his medical bills total only $10,692.27. (Doc. # 5 at 4). He also clarifies that "while Plaintiff's case is potentially worth greater than the $75,000 . . . to assume so based solely by the evidence in the Complaint would require the Court to speculate." (Id. at). And, "by requesting all benefits [available] under the policy, he is properly pleading his claims, not specifying the value of the case." (Id.).

The Court agrees with Christiaan that the amount in controversy requirement has not been satisfied for the removal of this case. Upon review, the demand letter, while describing potentially serious injuries, does not provide a

4

basis for determining that the amount in controversy likely exceeds the jurisdictional threshold of $75,000.00. Christiaan's demand for $305,000 reflects mere posturing, rather than a reasonable assessment of the value of Christiaan's claim. See <u>Standridge v. Wal-Mart Stores</u>, 945 F. Supp. 252, 256 (N.D. Ga. 1996)(holding that a pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking").

The Court is aware that "district courts are permitted to make reasonable deductions and reasonable inferences and need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." <u>Keogh v. Clarke Envtl. Mosquito Mgmt., Inc.</u>, No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *4-5 (M.D. Fla. Jan. 17, 2013)(internal citations omitted). But, overall, the record is devoid of evidence to suggest that Christiaan's damages from this incident exceed the $75,000.00 amount in controversy threshold. The record contains medical records from two physicians regarding Christiaan's injuries. First, an April 5, 2017, doctor's note from Dr. George B. Blake, M.D. P.A. (an ear

5

nose and throat doctor) explains that Christiaan sustained "mild hearing loss in his left ear [that] is not going to improve further." (Doc. # 10-1 at 2). But, with respect to TMJ problems and feelings of fullness in the ear, Dr. Blake recommended taking Advil and wearing a split to relieve these symptoms. (Id.). Dr. Robert Chuong, M.D., D.M.D. similarly diagnosed a TMJ dysfunction and recommended that Christiaan wear a split and take oral steroids. (Doc. # 10-2 at 1). See Lemann v. Saaba Cars USA, Inc., No. Civ. A. 03-2941, 2003 WL 22836004, at *2 (E.D. La. Nov. 25, 2003)(remanding car accident case in which air bags deployed, causing hearing loss to the plaintiff).

The Court recognizes that Christiaan has listed the following categories of damages in his Complaint: "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money [which are] either permanent or continuing." (Doc. # 2 at ¶ 16). However, the Court has not been provided with sufficiently specific information about these broad categories of damages to find that the amount in controversy has been met. And, Christiaan has described

these categories of damages in such a vague and inexact manner that the Court would indeed be required to engage in rank speculation to ascribe these damages with any monetary value.

For instance, Christiaan seeks redress for lost wages, but does not provide any earnings records or state the nature of his employment. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip and fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses and permanent injury.).

GEICO correctly assesses that the claim for bad faith could potentially ripen into a jury award well in excess of $75,000 at some time in the future. But, at the time of removal, the claim is abated, unripe, and not subject to consideration in the Court's calculations for the amount in controversy. In Symonette v. MGA Ins. Co., No. 12-cv-21428, 2012 WL 12943077 (S.D. Fla. Oct. 3, 2012), the court

explained: "a claim for bad faith . . . does not accrue until the underlying first-party action for insurance benefits against the insurer has been resolved in favor of the insured [and] a bad faith cause of action cannot exist absent a determination that the insurer is liable on the policy." Id. at *1. And, "at the time of removal," a plaintiff's "bad faith claim [is] not ripe and [is] thus not properly before the Court" if the first-party action has not yet been resolved in favor of the insured. Id.

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). As explained above, GEICO falls short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Christiaan Webb's Motion to Remand (Doc. # 5) is **GRANTED**.

(2) The Clerk is directed to **REMAND** this case to state

court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

(3) After remand has been effected, the Clerk shall **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of November, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE